**SAFEGUARD MUTUAL INSURANCE CO., Appellant,**

v.

**Robert A. MILLER et al.**

**C. M. CLARK INSURANCE AGENCY, INC., Appellant,**

v.

**Robert A. MILLER et al.**

Nos. 71–2019, 71–2021.

United States Court of Appeals,
Third Circuit.

Argued Nov. 14, 1972.

Decided Jan. 23, 1973.

Malcolm H. Waldron, Jr., Philadelphia, Pa., for appellants.

J. Justin Blewitt, Jr., Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for appellees.

Before ALDISERT, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The appellants, Safeguard Mutual Insurance Co. (Safeguard) and C. M. Clark Insurance Agency, Inc. (Clark) are both Pennsylvania corporations. They appeal from an order of the district court, 333 F.Supp. 822, dismissing their complaints pursuant to Rule 12(b)(6), Fed.R.Civ. P., for failure to state a claim upon which relief can be granted. The defendants, appellees here, are the Chief Counsel of the Insurance Commissioner, Director of Licensing of the Insurance Department, two Deputy Insurance Commissioners, an Insurance Examiner, and a Deputy Attorney General, all of the Commonwealth of Pennsylvania. The complaints allege that acting under color of Pennsylvania law, the defendants and other unknown parties entered into a

conspiracy in violation of 42 U.S.C. §§ 1981–88 to deprive Safeguard and Clark of constitutionally protected rights; that acting in bad faith, willfully and maliciously, but under color of state law, they caused a false report of examination of each plaintiff to be issued; caused a suspension order to be issued arbitrarily, maliciously and without notice; improperly impounded plaintiffs' records; caused an ex parte restraining order to be issued; caused a Petition for Liquidation to be issued; and much more, all to plaintiffs' damage. Without repeating the voluminous allegations of malicious the complaints amply set forth a claim and improper harassments carried out for compensatory and punitive damages for conspiracy to and acts in furtherance of a conspiracy to deprive the plaintiffs of their property without due process of law and to deprive them of the equal protection of the laws. Jurisdiction is alleged under 42 U.S.C. §§ 1981–88, and by the defendants, it suffices to say that hence inferentially, although not explicitly, under 28 U.S.C. § 1343. There is no allegation of jurisdiction under 28 U.S.C. § 1331, although damages in excess of the jurisdictional amount were alleged. The district court opinion treats the complaints as alleging jurisdiction solely under the Civil Rights Acts.

The defendants' motions to dismiss all raised the issue that each act complained of was performed in a capacity in which the defendant was cloaked with governmental or quasi-judicial immunity. Without affidavits and without a hearing, acting solely upon the complaints, the district court dismissed on this ground. We reverse.

 At the outset, we note that the plaintiffs are corporations. As such they are deemed to be persons within the meaning of the equal protection and due process clauses of the fourteenth amendment, Grosjean v. American Press Co., 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936),[1] and persons, as well, whose

rights are protected by 42 U.S.C. § 1983 and who may bring suit under 28 U.S.C. § 1343. Pierce v. Society of Sisters, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Adams v. Park Ridge, 293 F.2d 585, 587 (7th Cir. 1961); McCoy v. Providence Journal Co., 190 F.2d 760, 764 (1st Cir.), cert. denied, 342 U.S. 894, 72 S.Ct. 200, 96 L.Ed. 669 (1951); Watchtower Bible & Tract Society v. Los Angeles County, 181 F.2d 739, 740 (9th Cir.), cert. denied, 340 U.S. 820, 71 S.Ct. 51, 95 L.Ed. 602 (1950); Mini Cinema 16 Inc. v. Habhab, 326 F.Supp. 1162, 1165 (N.D.Iowa, 1970); Leslie Tobin Imports, Inc. v. Rizzo, 305 F.Supp. 1135, 1139 (E.D.Pa.1969). There is no question, then, of the district court's jurisdiction. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The sole issue is whether it was proper to dismiss on immunity grounds under Rule 12(b)(6).

 The district court held that because the named defendants acted within the scope of the authority conferred by Section 502 of the Insurance Department Act of 1921, as amended, Pa.Stat. Ann. tit. 40, § 202, they were all entitled to judicial or governmental immunity. The complaints, however, allege that they acted illegally, and only under color of the authority conferred by state law. Moreover, the complaints, while naming the office held by each defendant, do not describe the function, the relationship to the total functioning of the insurance department, or the degree of discretion vested in each office. We know precisely the functions of judges and prosecutors, and thus it was proper to decide on the pleadings that both were entitled to judicial immunity from damage suits. Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967). In the cases of the defendants here named we cannot tell if their posi-

---

1. *Compare* these *with* the privileges or immunities of citizens clause. Hague v. C.
I.O., 307 U.S. 496, 514, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

tion in the government of the Commonwealth is analogous to that of the judge held to be immune from suits for damages in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), or more closely analogous to the law enforcement officers held, in the same case, and in Monroe v. Pape, *supra*, not to be immune. In Lasher v. Shafer, 460 F.2d 343 (3d Cir. 1972) we considered the contention that the scope of governmental as distinguished from judicial immunity could be decided on a Rule 12(b) motion. We held that a record was required before any such decision could be made. We wrote:

> "Appellees urge that assuming the district court erred in dismissing under Fed.R.Civ.P. 12 for lack of jurisdiction, the judgment should nevertheless be affirmed on the ground that they are immune from damage suits. They rely on cases such as Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896). Clearly, however, a decision that each of the appellees is entitled to some form of executive immunity is one that cannot be made on the basis of the allegations in the complaint. There is no record before us from which we could conclude that any of the appellees, if they committed the acts alleged, were acting in an area which is so vital to some overriding public interest that it must be immunized from the possibility of civil accountability in a court for violation of the Civil Rights Act." *Id.* at 348.

The district court also pointed out that in Pierson v. Ray, *supra,* the Supreme Court recognized, for the law enforcement officers held in that case not to be immune, the defense of good faith and probable cause. This was said to be an additional ground for the granting of the Rule 12(b) motion. But in Pierson v. Ray the Court remanded for further proceedings. It did not decide what in

that case was, and what in this case obviously will be, a disputed issue of fact as to the defendants' good faith. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a case involving federal officers claiming both governmental immunity and the defense of good faith and probable cause, gives appropriate guidance. After holding that the fourth amendment itself supplied a damage cause of action where federal officers violated civil rights, the Court remanded for further proceedings. On remand the Second Circuit held that even though the Federal Bureau of Narcotics agents were acting within the outer perimeter of their line of duty and as governmental agents, such federal officers performing police duties were not immune from suit. It held, further, that in defense the officers could allege and prove not only that they believed, in good faith, that this conduct was lawful, but also that their belief was reasonable. Bivens v. Six Unknown Named Agents, 456 F.2d 1339 (2d Cir. 1972). But this decision by the Second Circuit was made in a case in which a record had been made in the district court. *Id.* at 1348. We have no such record. Thus we are in no position to determine who, if any, among the defendants are in such a governmental position in the Commonwealth with respect to the performance of discretionary governmental functions that they should be immunized from civil liability under the Civil Rights Acts. And since good faith is a matter of defense, the determination of that issue as to each defendant also must await proceedings beyond a Rule 12(b)(6) motion.

■ One other point bears mentioning. The complaints asked for injunctive relief, as well as damages. This aspect of the case was not discussed by the district court at all. To a prayer for injunctive relief in a suit against state officers alleged to have violated the fourteenth amendment governmental immunity is not a defense. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.

Ed. 714 (1908); Lewis v. Kugler, 446 F. 2d 1343 (3d Cir. 1971).

The judgment of the district court is reversed, and the case remanded to the district court for further proceedings consistent with this opinion.