**Roger TAUSS et al.**

v.

**Frank L. RIZZO, in his Individual capacity, et al.**

**Civ. A. No. 73–808.**

United States District Court, E. D. Pennsylvania.

July 23, 1973.

Segal, Appel & Natali, Louis M. Natali, Jr., Philadelphia, Pa. for plaintiffs.

Martin Weinberg, City Sol., Murray C. Goldman, Asst. City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This civil rights action was originally started against defendants Rizzo and Philadelphia police officers Turner, Curtis and Fulwood under 42 U.S.C. § 1983. On May 11, 1973, the Assistant City Solicitor filed a motion to dismiss on behalf of defendant Rizzo and the City of Philadelphia, although the latter had not been named as a defendant in the caption. On June 1, 1973, we granted plaintiffs' motion for leave to file an amended complaint, adding the City as a named defendant and permitting the assertion of the additional jurisdictional grounds of Fourteenth Amendment violations and a violation of 42 U.S.C. § 1985. Defendants did not re-file their motion to dismiss, resting instead on their original motion.

The amended complaint alleges that on April 10, 1971, at a campaign rally of defendant Rizzo, the plaintiffs sought admission to campaign headquarters to protest the illegal policies of Rizzo during his tenure as police commissioner, when they were brutally set upon by Turner, Curtis and Fulwood. The complaint alleges that the last three named defendants were acting pursuant to the orders of defendant Rizzo and that all defendants conspired to deprive plaintiffs of their federally protected rights. The complaint further alleges that the assault on the plaintiffs was totally unprovoked; that the plaintiffs were arrested and charged with numerous crimes; and that the plaintiffs were later acquitted of all charges.

The defendant City first complains that it was improper to allow it to be named in the caption by amendment for the reason that, the acts having occurred on April 10, 1971, the applicable statute of limitations barred any suit against it. F.R.Civ.P. 15(c) as amended in 1966 provides a short and plain answer to this contention. That rule as amended provides:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

There can be no doubt that the claim arose out of the conduct set forth in the original complaint. There is equally no doubt that the City received notice of the institution of the action and that the City knew or should have known that except for inadvertence the action would have been brought against it. The original complaint refers to the City in paragraph 9 under the heading "defendants" as a body politic and the employer of all defendants except defendant Rizzo. That the City itself treated the failure to name it specifically in the caption as an oversight is demonstrated by the fact that its motion to dismiss, filed before the amendment of the complaint, was filed on behalf of the City. The City was properly added as a defendant.

Defendants Rizzo and City argue further that the additional jurisdictional grounds of the Fourteenth Amendment and 42 U.S.C. § 1985 should not be permitted on the grounds that they state a new cause of action after the running of the statute. In this position the defendants are mistaken. A change of legal theory does not create a new cause of action. If the factual situ-

ation upon which relief is sought is unchanged, an amendment may be allowed which states an entirely new claim for relief arising out of the same transaction. 1A Barron and Holtzoff, Federal Practice & Procedure 704 (Wright Ed.) 1960. Indeed, there is no requirement that the jurisdictional statute be specifically pleaded if the facts giving the courts jurisdiction are adequately set forth in the complaint. Williams v. United States, 405 F.2d 951 (C.A. 9, 1969).

Defendant Rizzo argues that because the complaint alleges that he is sued in his capacity as a private citizen and because of the absence of any allegation that he took part in the alleged assault or that the alleged assault took place in his presence, the action should be dismissed as to him. The argument overlooks the fact that the amended complaint alleges in paragraph 14 that all defendants conspired to deprive plaintiffs of their federally protected rights. In Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), plaintiff brought an action under 42 U.S.C. § 1983 alleging a conspiracy between the defendant Kress and the police department. The Court said, 398 U.S. at page 152, 90 S.Ct. at page 1605:

"* * * Although this is a lawsuit against a private party, not the State or one of its officials, our cases make clear that petitioner will have made out a violation of our Fourteenth Amendment rights and will be entitled to relief under § 1983 if she can prove that a Kress employee, in the course of employment, and a Hattiesburg policeman somehow reached an understanding to deny Miss Adickes service in the Kress store, * * *

"The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized or lawful; * * * Moreover, a private party involved in such a conspiracy,

even though not an official of the State, can be liable under § 1983. 'Private persons, jointly engaged with state officials in the prohibited action are acting "under color" of law for purposes of the statute * * * It is enough that he is a willful participant in joint activity with the State or its agents,' * * * *"

■ "A complaint is sufficient if the plaintiff is entitled to relief under any legal theory." Thompson v. All State Insurance Co., 476 F.2d 746, 749 (C.A. 5, 1973). It is clear that if the plaintiffs proved that defendant Rizzo conspired with the police officials to violate the plaintiffs' civil rights there would be sufficient color of law to permit recovery by the plaintiffs against Rizzo.

■ Finally, the defendant City argues that it is not a person within the meaning of the Civil Rights Act. We agree, but this conclusion does not foreclose an action against the City on principles of common law based on the doctrine of respondeat superior. Since the basis of this action arose out of the same operative facts as does the federal cause of action against the defendant Rizzo and the police officials, we have the power to determine it under our pendent jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The City recognizes this power but urges us not to exercise our discretion to invoke pendent jurisdiction and that our discretion should lead us to decline the assumption of jurisdiction. In support of this argument the City relies upon Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596. In that case the refusal of the District Court to exercise pendent jurisdiction over a state claim against the county was affirmed by the Court of Appeals and by the Supreme Court. However, the Court of Appeals for the Ninth Circuit is specifically not in accord with the decisions of this Circuit in which the exercise of pendent jurisdiction over non-federal claims has been approved. Jacobson v. Atlantic City Hospital, 392 F.2d 149 (C.A. 3,

1968) ; Wilson v. American Chain & Cable Co., 364 F.2d 558 (C.A. 3, 1966). In reaching their conclusion the District Court and the Court of Appeals in *Moor* considered themselves bound by the Ninth Circuit's previous decision in Hymer v. Chai, 407 F.2d 136 (C.A. 9, 1969). The Supreme Court in *Moor* left little doubt that this was an insubstantial ground for refusing to exercise pendent jurisdiction. The Court said, 411 U.S. at page 713, 93 S.Ct. at page 1798:

"* * * Hymer stands virtually alone against this post-*Gibbs* trend in the courts of appeals, and significantly *Hymer* was largely based on the Court of Appeals' earlier decision in Kataoka v. May Department Stores Co., 115 F.2d 521 (C.A.9 1940), a decision which predated *Gibbs* and the expansion of the concept of pendent jurisdiction beyond the narrow limits set by Hurn v. Oursler, *supra* [289 U. S. 238, 53 S.Ct. 586, 77 L.Ed. 1148]. * * *"

The Court did not specifically decide the conflict between *Hymer* and the Circuits which had reached a contrary result. The Court did find that in *Moor* the exercise of jurisdiction over the state law claims was inappropriate for two reasons:

"* * * First, the District Court pointed out that it 'would be called upon to resolve difficult questions of California law upon which state court decisions are not legion.' In addition, the court felt that 'with the introduction of a claim against the County under the California Tort Claims Act, with the special defenses available to the County, the case' which will be tried to a jury, 'could become unduly complicated.' As is evident from this Court's decision in *Gibbs*, 383 U.S. at 726–727, 86 S.Ct. at 1138–1139, the unsettled nature of state law and the likelihood of jury confusion were entirely appropriate factors for the District Court to consider. * * *"

These factors do not obtain in this case. Pennsylvania has recently obliterated the doctrine of sovereign immunity. Ayala v. Board of Education, Philadelphia, Pa., 305 A.2d 877, 1973. There are therefore no difficult questions of state law to resolve nor would there by any reasonable possibility of confusion. The now permissible claim against the City is based upon the simple application of the principles of *respondeat superior* which should present no difficulties to a fact finder. The factors of judicial economy and the avoidance of a multiplicity of suits dictate that these claims should be tried in a single lawsuit. We therefore reject the argument of the City that we should refrain from the exercise of our pendent jurisdiction.

For all of the foregoing reasons, the motions of the defendant Rizzo and the City of Philadelphia to dismiss the complaint will be denied.