**Frederick FIELDS, Jr.**

v.

**John ROMANO, Badge No. 7487**

**and**

**City of Philadelphia.**

**Civ. A. No. 70–1967.**

United States District Court,
E. D. Pennsylvania.

Feb. 1, 1974.

# 1054

John F. Hunt, Stephen M. Foxman, Ewing & Cohen, Philadelphia, Pa., for plaintiff.

Stephen T. Saltz, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

Presently before the Court is a civil rights action of the plaintiff, Frederick Fields, Jr., against John Romano, a police officer of the City of Philadelphia. Fields, a black citizen, initiated this litigation to recover damages for injuries sustained by him as a result of his being arrested by Officer Romano allegedly without probable cause, said illegal arrest being accompanied by the excessive use of force. The plaintiff has additionally named the City as a defendant since at the time of the incident Officer Romano was in uniform and was an employee and agent of the City. In the complaint jurisdiction of this Court was predicated solely on the Civil Rights Act of 1871, 42 U.S.C. § 1983,[1] and 28 U.S.C. § 1343(3).[2]

██ Specifically raised herein is the City's motion to dismiss the complaint against it since the City is not a "person" within the ambit of Section 1983.

For reasons hereinafter set forth, the City's motion is hereby granted. The recent pronouncements of the United States Supreme Court reaffirming its continued adherence to the doctrine first announced in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), indubitably foreclosed the Court's role in this matter. See Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L. Ed.2d 596 (1973); City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 93 S. Ct. 2222, 37 L.Ed.2d 109 (1973); District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

Briefly recounting the arguments of plaintiff, his first contention is that where the municipality has expressly waived its immunity to suit the rationale of Monroe v. Pape, supra, 365 U.S. at 187-192, 81 S.Ct. at 484-486, 5 L.Ed. 2d 492 is no longer determinative or controlling.[3] A variant of this argument was propounded in Moor, supra, 411 U.S. 693, 93 S.Ct. at 1794-1796, 36 L.Ed.2d 596, where the Court emphatically held that irrespective of the underlying factual premises, viz., the susceptibility of the municipality to suit, a municipality could not, consistent with the protracted and often acrimonious legislative history, be regarded as a "person" under § 1983 and hence was not subject to its restraints.[4] Thus insofar as

---

1. Section 1983 provides:
 "Civil action for deprivation of rights
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Section 1343 states in relevant part:
 "Civil rights and elective franchise
 The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
 * * * * *
 (3) To redress the deprivation, under color of any State law, statute, ordinance, regu-

lation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

3. Section 21-701(a) of the Philadelphia Code reads:
 "The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment."

4. In the City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 2226, 37 L. Ed.2d 109 (1973), where the plaintiffs were seeking only declaratory and injunctive relief, the Supreme Court further flatly refused to accept the principle that even if

plaintiff seeks to circumvent the § 1983 limitations relying on the foregoing theory, the action cannot be maintained against the City.

▪ Secondly, plaintiff urges that this Court can still exercise jurisdiction over the City pursuant to the doctrine of pendent jurisdiction which was expanded and clarified in United Mine Workers of America v. Gibbs, 383 U.S. 715, 725–727, 86 S.Ct. 1130, 1138–1139, 16 L.Ed. 2d 218 (1966). But this, too, was an argument advanced, considered and rejected by the Supreme Court in *Moor, supra*, 411 U.S. 693, 93 S.Ct. at 1796–1797, 36 L.Ed.2d 596. The Supreme Court re-emphasized that pendent jurisdiction need not be viewed as being one of the plaintiff's mandatory rights, but rather was to be exercised by the respective tribunal in its sound discretion. Moreover, the Court continued, although there may be a "common nucleus of operative fact" it was not an abuse of discretion for the District Court to not invoke pendent jurisdiction when there was no independent federal jurisdictional basis over all the parties on the federal claims. 411 U.S. 693, 93 S.Ct. at 1797, 36 L.Ed.2d 596. Essentially, the Court found that where you have a party liable only on a state claim but not otherwise amenable to federal jurisdiction, the District Court is not compelled to exercise pendent jurisdiction. Thus consistent with the notions of comity and furthermore to minimize the possibility of jury confusion arising out of the necessity of resolving divergent legal theories as to the liability of the City, the Court here declines to exercise pendent jurisdiction and hold the City in this action as a pendent party.

Evidently in anticipation of this Court's ruling, for the first time since this action was commenced over three years ago, plaintiff now argues in its Supplemental Memorandum in Opposition to the City's Motion to Dismiss that this Court still has jurisdiction over the City pursuant to the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment and 28 U.S. C. § 1331.[5] In City of Kenosha, Wisconsin v. Bruno, *supra*, 412 U.S. 507, 93 S. Ct. at 2227, 37 L.Ed.2d 109, the Supreme Court remanded the action to the District Court for the latter to determine if the jurisdictional requirements of § 1331 were complied with.

▪ This Court recognizes that where a plaintiff in his complaint has pleaded sufficient operative facts vesting or establishing jurisdiction in the Court even absent the recitation of the correct jurisdictional provision, the Court still may retain jurisdiction over the cause of action. See, *e. g.*, Beeler v. United States, 338 F.2d 687, 689 (3rd Cir. 1964); Uhler v. Commonwealth of Pennsylvania, 321 F.Supp. 490 (E.D.Pa. 1970). Procedurally, the Court can now respond either in one of two ways. It can dismiss the action without prejudice to the plaintiff filing a motion to amend the complaint pursuant to Fed.R.Civ.P. 7(b) and 15(a) or it can treat the Supplemental Memorandum as an amendment of the applicable jurisdictional statutes even though there was a noncompliance with the Federal Rules. The former course appears to be more desirable, particularly since the City has not been presented the opportunity to reply to plaintiff's latest legal stratagem.

The City of Philadelphia is being dismissed as a defendant in this action under § 1983. Nonetheless, this dismissal is without prejudice to the plaintiff's filing within ten (10) days from the

---

the relief sought was solely equitable in nature the municipality was then subject to suit under § 1983. See also Moor, 411 U.S. 693, 93 S.Ct. at 1788 n. 2, 36 L.Ed.2d 596. *Cf.* 412 U.S. 507, 93 S.Ct. at 2228, 37 L.Ed. 2d 109 (Douglas, J. dissenting) and Moor, 411 U.S. 693, 93 S.Ct. at 1802–1804, 36 L. Ed.2d 596 (Douglas, J. dissenting).

5. Section 1331 states in pertinent part:
"Federal question; amount in controversy; costs
(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

**1056**

date of this Memorandum and Order a motion to amend the complaint, specifically incorporating any other jurisdictional statutes. The City can thereafter file an answer or any other responsive pleading within twenty (20) days.

An Order to this effect will be entered.