**SAFEGUARD MUTUAL INSURANCE COMPANY**

v.

Robert A. MILLER et al.

**C. M. CLARK INSURANCE AGENCY, INC.**

v.

Robert A. MILLER et al.

Civ. A. Nos. 71–767, 71–822.

United States District Court, E. D. Pennsylvania.

March 31, 1975.

---

Malcolm H. Waldron, Jr., Philadelphia, Pa., for plaintiffs.

J. Justin Blewitt, Jr., Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

DITTER, District Judge.

This is a Civil Rights action by two insurance companies requesting damages and injunctive relief against various employees of the Commonwealth of Pennsylvania. Before me is the motion of defendants for summary judgment.

The Court of Appeals has succinctly described plaintiffs' complaints as alleging:

> that acting under color of Pennsylvania law, the defendants and other unknown parties entered into a conspiracy in violation of 42 U.S.C. §§ 1981–88 to deprive Safeguard and Clark of constitutionally protected rights; that acting in bad faith, willfully and maliciously, but under color of state law, they caused a false report of examination of each plaintiff to be issued; caused a suspension order to be issued arbitrarily, maliciously and without notice; improperly impounded plaintiffs' records; caused an ex parte restraining order to be issued; caused a Petition for Liquidation to be issued; and much more, all to plaintiffs' damage. Without repeating the voluminous allegations of malicious and improper harassments carried out the complaints amply set forth a claim for compensatory and punitive damages for conspiracy to and acts in furtherance of a conspiracy to deprive the plaintiffs of their property without due process of law and to deprive

> them of the equal protection of the laws . . .

*Safeguard Mutual Ins. Co. v. Miller,* 472 F.2d 732, 732–33 (3d Cir. 1973).

A motion to dismiss both actions was granted by the late Chief Judge John W. Lord, Jr., based on his conclusion that the defendants' conduct was protected from suit by governmental (official) or quasi-judicial immunity. The Court of Appeals reversed, holding that a district court cannot properly rule on the issue of immunity solely on the pleadings. The case was remanded in order that affidavits or a hearing could provide the proper factual foundation for the court's decision on this question. *Safeguard Mutual Ins. Co. v. Miller,* 472 F.2d 732 (3d Cir. 1973), *rev'g* 333 F.Supp. 822 (E.D.Pa.1971). Both parties have now submitted extensive affidavits and defendants, asserting that they are protected by governmental immunity, have moved for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiffs contend that each defendant maliciously acted outside the scope of his authority and that material issues of facts make summary judgment impossible.

A decision favoring a public official, such as any of the defendants, can only be made on the basis of an adequate record, including any statute relied upon to authorize the action for which suit is being brought. *Safeguard Mutual Ins. Co. v. Miller,* supra. See also *Fidtler v. Rundle,* 497 F.2d 794 (3d Cir. 1974); *Johnson v. Alldredge,* 488 F.2d 820 (3d Cir. 1973). In addition, there must be a consideration of the defendants' "good faith." A state official sued for damages under 42 U.S.C. § 1983 is entitled in varying degrees to immunity, the variation being dependent upon the extent of his discretion, the responsibilities of his office, and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based. It

is a good faith belief, reasonably formed at the time in light of all the circumstances, that affords a basis for immunity of executive officers as to acts performed in the course of their official conduct. *Scheuer v. Rhodes,* 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1692, 40 L. Ed.2d 90 (1974). The view that a state official possesses qualified immunity dependent on his action being based on good faith has been widely adopted. See *Class v. Norton,* 505 F.2d 123 (2nd Cir. 1974); *Smith v. Losee,* 485 F.2d 334, 340–44 (10th Cir. 1973). It has even been applied to federal officials. See *Apton v. Wilson,* 506 F.2d 83 (D.C.Cir. 1974); *States Marine Lines, Inc. v. Schultz,* 498 F.2d 1146, 1159 (2d Cir. 1974).

The qualified immunity doctrine announced in *Scheuer* recently was reaffirmed by the Supreme Court in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), which involved a civil rights claim against members of a local school board. The Court held that school officials are entitled to immunity based upon good faith if they reasonably believed that the action taken was within the scope of their authority and would not violate the constitutional rights of the students affected.

The Third Circuit in *Goode v. Rizzo,* 506 F.2d 542, 549 (3d Cir. 1974), adopted the *Scheuer* test in holding that state officials in Section 1983 damage actions have a qualified immunity only if they acted in good faith.

The affidavits filed by both parties have created a sufficient factual basis for deciding the scope of authority and discretion with which each of the defendants acted. There is not, however, enough information to decide if they acted in good faith. Therefore, a hearing will be scheduled in which both sides may offer evidence as to the good faith of defendants. A final decision on defendants' present motion will then be made.