**14**

Vincent MARVASI

v.

**Earl SHORTY et al.**

**Civ. A. No. 73–2860.**

United States District Court,
E. D. Pennsylvania.

Jan. 19, 1976.

David Kairys, National Emergency Civil Liberties Committee, Philadelphia, Pa., for plaintiff.

Stephen T. Saltz, Asst. City Sol., Philadelphia, Pa., for all defendants except Shorty.

Manuel A. Spigler and Morris H. Wolff, Philadelphia, Pa., for Shorty.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This is a civil rights action brought by Vincent Marvasi, a former member of the Philadelphia Fire Department against the following defendants in their individual and official capacities: Earl Shorty, a former police officer of the City of Philadelphia; Joseph O'Neill, Police Commissioner of the City of Philadelphia; the City of Philadelphia; Joseph Rizzo, Fire Commissioner of the City of Philadelphia; William McNulty, Personnel Officer of the Philadelphia Fire Department; Harry Kite, Deputy Fire Commissioner; Joseph Cody, Assistant Chief of the Philadelphia Fire Department; John Lawlor, Chief Surgeon of the Philadelphia Fire Department; the Philadelphia Civil Service Commission (Civil Service Commission); George Bucher, Leonard Ettinger and Harrison Trapp, Commissioners of the Civil Service Commission; Frank Rizzo, Mayor of the City of Philadelphia; and Hillel Levinson, Managing Director of the City of Philadelphia. The plaintiff seeks damages and declaratory and injunctive relief under 42 U.S.C. §§ 1983, 1985 and 1988, and 28 U.S.C. §§ 2201 and 2202 asserting jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state and municipal law, and asserts the amount in controversy to be in excess of $10,000.00. The plaintiff in his original complaint alleges that on June 28, 1972 he was stopped while driving his car by a policeman, defendant Shorty, taken to the 17th Police District and, without provocation or justification, was beaten by defendant Shorty while confined in a small, locked room, causing severe injuries. Plaintiff was on duty and in uniform at the time and was returning to his firehouse with sandwiches he had purchased for several of the firemen, allegedly with the permission of his commanding officer.

The plaintiff alleges that he was unable to work for six months as a result of the beating. Plaintiff further alleges that in connection with said beating, defendant Shorty was suspended from the police force for thirty days after a hearing before the Police Board of Inquiry and convicted of aggravated assault and battery in the Municipal Court of Phila-

delphia. It is also alleged that this beating was the culmination of an incident which occurred on January 1, 1972, involving defendant Shorty, the plaintiff and other firemen concerning which the Police Board of Inquiry held a hearing in March of 1972 at which the plaintiff testified. In connection with the January 1, 1972 incident, the defendant Shorty was suspended for five days. On December 19, 1973, the plaintiff filed the original complaint in this action solely against the defendant Shorty, Commissioner O'Neill and the City of Philadelphia. The plaintiff amended his original complaint adding the additional defendants and alleging that all the defendants conspired to and did in fact deprive him of his fireman's pension and medical benefits and ultimately fired him as an act of retaliation for the filing of the original complaint in this lawsuit.

Presently before this Court are motions for summary judgment filed by the City of Philadelphia and Commissioner O'Neill and a motion to dismiss filed by all the other defendants, except Shorty. We will consider each motion separately.

### 1. *Motion of the City for Summary Judgment.*

The plaintiff is seeking relief against the City of Philadelphia for an alleged deprivation of his constitutional rights and jurisdiction is asserted against the City pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331. This claim is predicated on the alleged arrest and beating of the plaintiff by an employee of the City, defendant Shorty, and the alleged discontinuance of the plaintiff's pension and medical benefits and his firing. The plaintiff is also seeking relief against the City on the basis of pendent state law claims. It would appear that the pendent state law claims against the City consist of the following: an action against the City based on the doctrine of respondeat superior, for the actions of policeman Shorty; an action against the City for negligence in failing to take necessary reasonable protective or pre-

cautionary measures for the plaintiff's safety with regard to defendant Shorty's conduct; and an action against the City for the denial of plaintiff's pension and medical benefits in violation of Pennsylvania law. The City has moved for summary judgment on the claims set forth in the plaintiff's original complaint only.

The primary purpose of a motion for summary judgment under Rule 56 is to avoid a useless trial. 6 *Moore's Federal Practice* ¶ 56.02[10]. Functionally, the theory underlying a motion for summary judgment is essentially the same as a motion for directed verdict. The crux of both motions is that there is no genuine issue of material fact to be determined by the trier of the facts, and that on the law applicable to the evidence presented, the movant is entitled to judgment. The party moving for summary judgment has the burden of demonstrating that no genuine issue exists as to any material fact, and the movant is entitled to judgment as a matter of law. In this case the City does not take the position that there is "no genuine issue as to any material fact." The City bottoms its motion for summary judgment solely on the basis of the pleadings. A motion for summary judgment "may be made solely on the pleadings" and if this is done "it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings." 6 *Moore's Federal Practice* ¶ 56.02[3]. Therefore, the City's motion will be treated as the equivalent of a motion to dismiss. *In re Penn Central Securities Litigation,* 347 F.Supp. 1327 (E.D.Pa. 1972).

The City contends that this Court does not have jurisdiction over it. Although a City may not be sued under § 1983 since it is not a "person" within the meaning of that section, a City is subject to suit pursuant to 28 U.S.C. § 1331. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The plaintiff in this case has

sued the City pursuant to 28 U.S.C. § 1331 and has alleged the requisite $10,000.00 jurisdictional amount together with a substantial federal question. Therefore, this Court has jurisdiction over the City pursuant to 28 U.S.C. § 1331 in connection with the plaintiff's allegations that the City has deprived him of his constitutional rights. See *Skehan v. Board of Trustees of Bloomsburg State College,* 501 F.2d 31 (3d Cir. 1974); *Alderman v. Philadelphia Housing Authority,* 496 F.2d 164 (3d Cir. 1974); *Williams v. Allen,* 439 F.2d 1398 (5th Cir. 1971); *Everett v. City of Chester,* 391 F.Supp. 26 (E.D.Pa.1975); *Patterson v. City of Chester,* 389 F.Supp. 1093 (E.D.Pa.1975); *Maybanks v. Ingraham,* 378 F.Supp. 913 (E.D.Pa.1974); *Fields v. Romano,* 370 F.Supp. 1053 (E.D. Pa.1974); *Commonwealth of Pennsylvania ex rel. Rafferty v. Philadelphia Psychiatric Center,* 356 F.Supp. 500 (E.D.Pa. 1973); see also, *Roseman v. Indiana University of Pennsylvania,* 520 F.2d 1364 (3d Cir. 1975); *Sarteschi v. Burlein,* 508 F.2d 110 (3d Cir. 1975).

█ The City, in support of its motion, also contends that Regulation 32 of the Philadelphia Civil Service Regulations precludes the plaintiff from asserting *any* claims against the City in this action. The City argues that since the plaintiff has sought and obtained benefits under Regulation 32 which provides, in the City's view, an exclusive workmen's compensation remedy to the plaintiff, then the plaintiff is barred from seeking and securing relief against the City in this action. Regulation 32 is a regulation of the Civil Service Commission which provides for benefits for "disabled" uniformed and non-uniformed employees of the City. Upon its adoption by the Civil Service Commission, it superseded any contrary statewide legislation insofar as any such legislation applied to City employees. *Ebald v. City of Philadelphia,* 7 D. & C.2d 179 (Phila.1956), *aff'd,* 387 Pa. 407, 128 A.2d 352 (1956). It has been held that the principles of law laid down by

the courts in interpreting the Workmen's Compensation Act are applicable in the interpretation of similar provisions in Regulation 32. *City of Philadelphia v. Hays,* 13 Comm.Ct. 621, 320 A.2d 406 (1974).

Even accepting the City's contention that Regulation 32 is the City's counterpart to the general workmen's compensation laws, we are of the opinion that Regulation 32 does not preclude the plaintiff from seeking and securing relief for an alleged deprivation of his constitutional rights. Pennsylvania's Workmen's Compensation Act provides an exclusive remedy for personal injury or death arising from certain employment related accidents. The exclusivity of the Workmen's Compensation Act is irrelevant to causes of action which are not covered by its provisions. *Reed v. Hartford Accident and Indemnity Co.,* 367 F.Supp. 134 (E.D.Pa.1973); *Hartwell v. Allied Chemical Corp.,* 320 F.Supp. 75 (W.D.Pa.1970); *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959). The City has shown us no authority to persuade us that a cause of action based on alleged deprivations of constitutional rights is governed exclusively by the provisions of the Workmen's Compensation Act or Regulation 32. Furthermore, Section 32.022 of the Regulation defines "disability" as: "[A] physical or mental condition caused by accident or occupational disease, including heart and lung ailments, which is service-connected and prevents an employee from performing his regular duties. Disability does not include any condition which is self-inflicted or caused by another person for reasons personal to the employee and not because of his employment." And similarly, the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 411 provides:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not

directed against him as an employe or because of his employment.

The Supreme Court of Pennsylvania has ruled that this provision excludes from coverage by the Workmen's Compensation Act an assault by a third person on an employee during the course of his employment when the reasons for the assault are personal to the assailant, even though they are co-workers. *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959). We, therefore, find that Regulation 32 and the Workmen's Compensation Act do not preclude the plaintiff from bringing this action based upon the City's alleged deprivation of his federal constitutional rights.

 With regard to the question of whether this Court has pendent jurisdiction over the pendent state law claims against the City, it has been pointed out by the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), that there are two distinct issues which the district court should consider: the first is the issue of *judicial power* to hear the pendent claim; the second is the issue of whether discretion to hear the pendent claim should be exercised once the judicial power has been established. The judicial power to hear the pendent state claims against the City exists in this case for as stated in *Gibbs, supra* at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227, such power exists:

> [W]henever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority" . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state charac-

ter, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole. (Footnotes and citations omitted).

 Cases in this district have consistently recognized the doctrine that whenever the court has jurisdiction in a civil rights case the exercise of pendent jurisdiction over related claims arising under state law is a discretionary matter. *Reed v. Philadelphia Housing Authority,* 372 F.Supp. 686 (E.D.Pa.1974); *Fields v. Romano,* 370 F.Supp. 1053 (E.D. Pa.1974); *Thompson v. Montemuro,* 383 F.Supp. 1200 (E.D.Pa.1974); *Tauss v. Rizzo,* 361 F.Supp. 1196 (E.D.Pa.1973); *Patterson v. City of Chester,* 389 F.Supp. 1093 (E.D.Pa.1975); *Edwards v. Borough of Milbourne,* Civil Action No. 73–1252 (E.D.Pa. filed August 2, 1973). However, in determining whether to exercise this discretion and hear the pendent state law claims, we must consider (a) whether judicial economy, convenience and fairness to the litigants would be served by having the pendent state law claims determined in a single proceeding, (b) whether trying the pendent state law claims will cause jury confusion and (c) whether the pendent state claims present unsettled questions of state law. *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Reed v. Philadelphia Housing Authority,* 372 F.Supp. 686 (E.D.Pa.1974); *Tauss v. Rizzo,* 361 F.Supp. 1196 (E.D.Pa.1973).

 As stated above the plaintiff's pendent state law claims against the City would appear to consist of the following: an action against the City based on the doctrine of respondeat superior for the actions of policeman Shorty; an action against the City for negligence in failing to take necessary reasonable protective or precautionary measures for the plaintiff's safety with regard to de-

fendant Shorty's conduct; and, an action against the City based upon an alleged conspiracy to unlawfully deny pension and medical benefits to the plaintiff.

We will exercise our discretion and assert jurisdiction over the pendent state law claims which assert actions against the City based on the doctrine of respondeat superior for the actions of policeman Shorty and based on the City's negligence in failing to take necessary reasonable protective and precautionary measures for the plaintiff's safety with regard to defendant Shorty's conduct. The assertion of jurisdiction over these two pendent state law claims is based on our determination that (a) judicial economy, convenience and fairness to the litigants will be served by having these state law claims determined in this judicial proceeding; (b) that it will not cause jury confusion; and (c) that these pendent state law claims do not present any unsettled questions of state law.

We will not at this time make a determination as to whether this Court can and will exercise pendent jurisdiction over the plaintiff's state law claim against the City based on the denial of the plaintiff's medical and pension benefits. The City directed its motion for summary judgment solely to the claims raised in the plaintiff's original complaint. It is the amended complaint which contains the plaintiff's allegations of a conspiracy to deny plaintiff's medical and pension benefits, and the City has not moved with respect to said claim. We wish to note, at this time, however, that the exercise of jurisdiction by this Court over the plaintiff's claim of a conspiracy to deny him medical and pension benefits in violation of Regulation 32 raises questions as to the applicability of decisions such as *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) as extended in *Huffman v. Pursue, LTD.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) and *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), as well as to the applicability of the doctrines of abstention,

res judicata and collateral estoppel. These questions arise particularly in light of the plaintiff's statement in his memorandum that he has taken an appeal to the state courts from a ruling of the Civil Service Commission affirming the termination of his medical and pension benefits. Such issues have been not addressed by the parties. Accordingly, the City's motion for summary judgment is denied, and this Court will, in its discretion, exercise pendent jurisdiction over the pendent state law claims against the City which assert actions against the City based on the doctrine of respondeat superior and negligence of the City.

### 2. *Motion of Commissioner O'Neill for Summary Judgment.*

The defendant O'Neill, in his motion for summary judgment as to the original complaint, contends that liability would lie against him only in the instance where it is affirmatively alleged that he, as the superior of the defendant police officer, acted personally in depriving the plaintiff of his rights. The defendant O'Neill argues that "[d]irect participation by the defendant is required to establish liability: *Brown v. Sielaff*, 474 F.2d 826 (3d Cir. 1973); *Ammlung v. City of Chester*, 355 F.Supp. 1300 (E.D. Pa.1973)." The defendant argues that in this case there is no allegation that he personally participated in any of the actions of which plaintiff complains, and, therefore, summary judgment should be granted in his favor.

Although the defendant O'Neill has moved for summary judgment, he does not take the position that there is "no genuine issue as to any material fact." The defendant O'Neill has submitted neither an affidavit nor other factual material in support of his motion for summary judgment. He relies solely on the pleadings. Accordingly, his motion for summary judgment will be treated as a motion to dismiss and as such, it is denied.

We do not disagree with the defendant O'Neill's statement of the law which requires that in a § 1983 action personal involvement is an element and that a superior official is generally not liable under the doctrine of respondeat superior. *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973); *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *Brown v. Sielaff*, 474 F.2d 826 (3d Cir. 1973); *Thompson v. Montemuro*, 383 F.Supp. 1200 (E.D.Pa.1974); *Downs v. Department of Public Welfare*, 368 F.Supp. 454 (E.D.Pa.1973); *United States ex rel. Bracey v. Grenoble*, 356 F.Supp. 673 (E.D.Pa. 1973); *Ammlung v. City of Chester*, 355 F.Supp. 1300 (E.D.Pa.1973). However, a reading of the original complaint in this case shows that the claim against the defendant O'Neill does not rest on respondeat superior. The complaint alleges that defendant O'Neill "failed to take even minimal protective or precautionary measures with regard to Defendant Shorty, such as reassigning him to a desk job in the 17th Police District, transferring him to another district, or suspending him pending a full investigation" after the initial incident between the defendant Shorty and various firemen including the plaintiff which allegedly occurred on January 1, 1972. It is further alleged by the plaintiff that these acts and omissions "constituted gross negligence, a failure to perform their duties and a malicious disregard for Plaintiff's safety" and "resulted in the injuries to the Plaintiff" which occurred on June 28, 1972, in violation of the Constitution and federal and state laws. The complaint having alleged a cause of action against defendant O'Neill directly and not on the basis of respondeat superior, the defendant O'Neill's motion for summary judgment is denied. *See e. g., Moon v. Winfield*, 368 F.Supp. 843 (N.D. Ill.1973).

### 3. *Motion to Dismiss.*

The defendants, Joseph Rizzo, William McNulty, Joseph Cody, Harry Kite, John Lawlor, Civil Service Commission, George Bucher, Leonard Ettinger, Harrison Trapp, Frank Rizzo and Hillel Levinson, move to dismiss the amended complaint on the basis that there are no allegations contained therein which state a claim against any of them upon which relief can be granted.

For the purpose of a motion to dismiss, the material allegations of the complaint are taken as admitted. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). In addition, the complaint is to be liberally construed in favor of the plaintiff. Rule 8(f) F.R.Civ.P.; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint should not be dismissed unless it appears that the plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra* at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84. Our Third Circuit has adopted the rule that a complaint in a civil rights action, particularly one drafted by an attorney, is subject to dismissal unless it specifically pleads a cause of action. *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir. 1970); *Rodes v. Municipal Authority of the Borough of Milford*, 409 F.2d 16 (3d Cir. 1969); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967); see also *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Marshall v. Brierley*, 461 F.2d 929 (3d Cir. 1972). The plaintiff in his amended complaint alleges a violation of his civil rights in that all of the defendants wrongfully conspired to and did in fact deprive him of his medical and pension benefits and caused his discharge "in direct retaliation for the filing of this lawsuit and in flagrant disregard of the jurisdiction and integrity of this Court" and that some of the events leading to the deprivation of the plaintiff's benefits and some of the acts comprising the conspiracy are more particularly the following: (1) Eight days after the original complaint was filed, defendant Lawlor put pressure on the plaintiff's psychi-

atrist to change his professional opinion concerning the plaintiff and conclude that the plaintiff was a "malingerer" (paragraph 47); (2) Shortly thereafter, plaintiff was questioned by medical personnel at Philadelphia General Hospital concerning the lawsuit he had filed and ordered to undergo a series of medical tests, although no tests had been ordered during the two-week period just prior to the filing of this lawsuit (paragraph 48); (3) Plaintiff was sent a notice from the Fire Department stating that it was "determined" that his disability was non-service connected "as the result of your recent medical examinations," when in fact those examinations showed no such thing, "[t]he medical records and opinions available at that time all pointed to the opposite conclusion," and "[t]here was no legitimate basis, medical or otherwise" for the determination that plaintiff's disability was non-service connected (paragraphs 49–51); (4) defendant Joseph Rizzo indicated at a tape-recorded Fire Department hearing on the matter that the determination to cut off the plaintiff's medical and pension benefits was made solely and directly in response to plaintiff's filing of the original complaint (paragraph 53); (5) As "part of a flagrant attempt to provide a legitimate sounding basis for defendants' illegitimate actions," a psychiatric consultant was belatedly hired by the defendants to examine the plaintiff, even though the City had a psychiatrist who was already treating plaintiff (but had concluded that plaintiff was disabled as a direct result of the June 28, 1972 beating), resulting in a report with "no factual or medical basis" (paragraph 55); (6) defendant Joseph Rizzo changed the stated basis for his actions once again in his "final determination", a determination that had "no legitimate medical or other basis" (paragraphs 56–57); (7) "On August 27, 1974 Defendants Civil Service Commissioners, without considering Defendant Joseph Rizzo's explicit explanation of the real reasons and basis for the Fire Department's actions, affirmed Defendant Joseph Rizzo's determination based solely on the report of Defendants' psychiatric consultant. Their decision has no legitimate medical, factual or other basis." (paragraph 58).

There are sufficient specific facts alleged regarding defendants, Joseph Rizzo, John Lawlor, Civil Service Commission and its Commissioners, George Bucher, Leonard Ettinger and Harrison Trapp, in the amended complaint to support the plaintiff's claim of a conspiracy by these defendants to deprive him of his federal constitutional rights by taking certain actions in retaliation for his filing of this lawsuit.[1] *Sarteschi v. Burlein*, 508 F.2d 110 (3d Cir. 1975); *Alderman v. Philadelphia Housing Authority*, 496 F.2d 164 (3d Cir. 1974); *Williams v. Allen*, 439 F.2d 1398 (5th Cir. 1971); *Patterson v. City of Chester*, 389 F.Supp. 1093 (E.D.Pa.1975); *Commonwealth of Pennsylvania ex rel. Rafferty v. Philadelphia Psychiatric Center*, 356 F.Supp. 500 (E.D.Pa.1973). See also *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). However, with regard to Frank Rizzo, Hillel Levinson, Joseph Cody, William McNulty and Harry Kite, although their names appear in the caption of this case and in

---

1. Defendants Civil Service Commission and its Commissioners, George Bucher, Leonard Ettinger and Harrison Trapp, assert in their memorandum in support of their motion to dismiss that they are immune from suit under § 1983 thereby requiring dismissal of the amended complaint against them. Where, as here a complaint, fairly read, alleges that officials acted illegally and outside the scope of their authority, and those officials without affidavit or other evidence assert in a motion to dismiss that the acts complained of were performed in a capacity in which they were cloaked with immunity, the district court cannot properly rule on the issue in such an early stage of the pleadings. *Safeguard Mutual Ins. Co. v. Miller*, 472 F.2d 732 (3d Cir. 1973). Further proceedings are required so as to provide the proper factual foundation for the Court's decision on the immunity question.

the identification of parties portion of the amended complaint, their names appear nowhere else in the text of the amended complaint. This fact alone is sufficient for dismissal. *United States ex rel. Tyrrell v. Speaker*, 471 F.2d 1197 (3d Cir. 1973); *Hamilton v. Jamieson*, 355 F.Supp. 290 (E.D.Pa.1973). The broad conclusory allegations that these particular defendants were all part of the conspiracy unsupported by specific factual averments is insufficient to state a cause of action against these particular defendants requiring the dismissal of the complaint as to them. Thus, we dismiss the amended complaint against Frank Rizzo, Hillel Levinson, Joseph Cody, William McNulty and Harry Kite.

Order accordingly.