**CROSSROADS ACADEMY, INC., a Wisconsin Nonstock Corporation, Plaintiff,**

v.

**Manuel CARBALLO, John J. Murphy, Robert L. Smithback, Jerry Jensen and James A. Schultz, Defendants.**

No. 77–C–35.

United States District Court, E. D. Wisconsin.

June 2, 1977.

John D. Murray, Milwaukee, Wis., for plaintiff.

Bronson C. LaFollette, Atty. Gen. Wis., by Charles R. Larsen, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the plaintiff's action, contending that the complaint does not state a claim upon which relief can be granted. In its complaint, the plaintiff charges that it was a provider of certain social services under Title XIX of the social security act and that the defendants conspired to deny them the right to participate in the program and also that certain claims for services which it had provided were denied. The plaintiff seeks compensatory and injunctive relief. I find that the defendants' motion should be granted.

The defendants suggest that the plaintiff, as a corporation, is disqualified from proceeding under § 1983. While municipal corporations may not be subjected to liability under such statute pursuant to *Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 909, 34 L.Ed.2d 685 (1973), it does not follow that corporations may not present claims under § 1983. *Safeguard Mutual Insurance Co. v. Miller*, 472 F.2d 732 (3rd Cir. 1973); *Watchtower Bible and Tract Society v. Los Angeles County*, 181 F.2d 739 (9th Cir. 1950). However, insofar as the complaint seeks money damages, it is clear that the suit is barred as to those persons who are nominal defendants but as to whom the state of Wisconsin is actually the substantial party in interest. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In the action against the officials of the state of Wisconsin, any money damages against them would have to be paid by the state pursuant to § 895.46 Wis. Stats.

The complaint, in my opinion, does not adequately allege a conspiracy. I have considered the language of the complaint's paragraphs 13, 14, 17 and 18 and am persuaded that they are conclusory and do not set forth sufficient facts to withstand the defendants' motion to dismiss. *Kadlec v. Illinois Bell Telephone Co.*, 407 F.2d 624, 627 (7th Cir. 1969).

Insofar as the complaint charges that the plaintiff's right to due process has been denied, I believe that the defendants' position is well taken. The plaintiff has not persuaded me that it is entitled to a pretermination hearing. The plaintiff's reliance upon *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), is misplaced; those cases are inapposite to the case at bar.

More fitting to the instant case is *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Crossroads Academy, Inc. purports to charge a fee for services which it performs. To suggest that *Sniadach* or *Fuentes* forecloses a determination without a hearing would afford far greater protection to the plaintiff's economic interests than its property interests warrant.

Therefore, IT IS ORDERED that the motion of the defendants for dismissal of the plaintiff's action be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed.