Patricia D. DEUBERT and Sonya M. Deroche, Plaintiffs-Appellants,

v.

GULF FEDERAL SAVINGS BANK, et al., Defendants-Appellees.

No. 86–3411.

United States Court of Appeals, Fifth Circuit.

July 8, 1987.

Gardner, Robein & Healey, Louis L. Robein, Jr., Metairie, La., for Deubert and Deroche.

Capitelli, Bencomo & Wicker, New Orleans, La., for Farley.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, Frederick J. Plaeger, II, Gerald J. Huffman, Jr., New Orleans, La., for Leone, Gulf Federal, Lucas and Sylve & Farley.

Mahat & Duffy, Metairie, La., for defendants-appellees.

Before EDWARDS*, POLITZ and HILL, Circuit Judges.

* Circuit Judge of the Sixth Circuit, sitting by designation.

ROBERT MADDEN HILL, Circuit Judge:

Patricia D. Deubert and Sonya M. Deroche (the plaintiffs) appeal the dismissal of their claims against Gulf Federal Savings Bank (Gulf Federal) and several present and former directors, officers, and employees of Gulf Federal (the defendants).[1] In their suit the plaintiffs claimed that they were former employees of Gulf Federal whose employment was terminated because they "blew the whistle" about alleged irregular practices at Gulf Federal. The plaintiffs assert several claims based on 42 U.S.C. § 1985(2) and (3); the National Housing Act, 12 U.S.C. § 1701 et seq.; and the federal constitution. The district court concluded that the plaintiffs failed to state a claim upon which relief could be granted. After considering the plaintiffs' arguments, we agree with the district court and affirm.

## I.

A dismissal for failure to state a claim upon which relief may be granted cannot be upheld "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In reviewing such a dismissal, we must examine only the pleadings, accept the factual averments as true, and view them in the light most favorable to the plaintiff. Rankin v. City of Wichita Falls, Texas, 762 F.2d 444, 446 (5th Cir. 1985). We set out the facts of the case using these principles.

Deubert and Deroche were long-time employees of Gulf Federal. Deubert was a customer service supervisor; Deroche was a credit manager and credit loan representative. In January 1985 Deubert and Deroche discovered that a vice-president of Gulf Federal was extending questionable loans to customers and performing other internal bank procedures in an irregular manner. In February they contacted a representative of the Federal Home Loan Bank Board (Board), an agency with regulatory authority over Gulf Federal, and reported their concerns.

The bank officer resigned voluntarily shortly after the Board received notice of the problems. Deubert and Deroche contend that they were soon subject to harassment and intimidation from Gulf Federal officers and directors because they had reported their suspicions. They assert that they were reassigned job tasks, lost job status, lost salary, and warned not to expose internal bank activities to the public or government agencies. Deubert and Deroche allege that as a result of this harassment they were forced to resign or were constructively discharged.

On January 31, 1986, Deubert and Deroche sued the defendants. Their basic complaint was that they had lost their positions by way of harassment and constructive discharge because they had reported the suspicious activities of the former vice-president. Their complaint was predicated on four different causes of action:

(1) a claim under 42 U.S.C. § 1985(3) for a conspiracy by defendants to deprive them of an alleged right and/or obligation to report to the Board irregular banking practices;

(2) a claim under 42 U.S.C. § 1985(2) for a conspiracy by defendants to harass and obstruct plaintiff's efforts to institute federal administrative and judicial proceedings;

(3) a claim implied under the National Housing Act which governs associations like Gulf Federal; and

(4) a state law claim for intentional infliction of emotional distress.

Gulf Federal filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Deubert and Deroche amended their complaint to add an implied cause of action in favor of American citizens who have been harassed because they informed federal officials of violations of federal law.

---

1. The individual defendants in this case are William Lucas, Anthony Leone, Jr., Robert Sylve, and Michael P. Farley.

After a hearing on the motion to dismiss, the district court ruled that Deubert and Deroche had failed to state a cause of action cognizable under any federal law. Accordingly, the court dismissed with prejudice the plaintiffs' alleged federal claims and dismissed without prejudice the plaintiffs' pendent state law claims. Deubert and Deroche subsequently filed a notice of appeal.

## II.

### A.

■ Deubert and Deroche's first cause of action involves 42 U.S.C. § 1985(3)[2]. To come within the ambit of section 1985(3), a complaint must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters and Joinders of America, Local 610 v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971);

*Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). Furthermore, it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus. *See Daigle v. Gulf States Utilities Co., Local 2286*, 794 F.2d 974, 978–79 (5th Cir.1986); *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir.1986); *Rayborn v. Mississippi State Board of Dental Examiners*, 776 F.2d 530, 532 (5th Cir.1985).

Deubert and Deroche do not claim that the alleged actions by the defendants were in any way motivated by racially discriminatory animus. Instead, they contend that the alleged conspirators were motivated by their reporting of alleged improprieties to the Board. Their failure to allege they were victims of a race-based conspiracy, however, forecloses the availability of relief under section 1985(3). Accordingly, we affirm the district court's dismissal of the plaintiffs' first cause of action.[3]

### B.

The second cause of action asserted by the plaintiffs is based on 42 U.S.C. § 1985(2).[4] They allege "a private conspiracy of the defendants to harass and intimidate the plaintiffs as retaliation for their

---

**2.** Title 42 U.S.C. § 1985(3) provides in part:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws....

**3.** Our conclusion that the plaintiffs' failure to allege a race-based conspiracy forecloses their cause of action under section 1985(3) makes it unnecessary to address the issues of whether the plaintiffs pled a cognizable class for purposes of section 1985(3) or whether the plaintiffs adequately pled a conspiracy to support a section 1985(3) cause of action.

**4.** Title 42 U.S.C. § 1985(2) provides:

If two or more persons in any state or territory conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

efforts to lawfully institute federal administration [sic] and judicial proceedings ..." This allegation is insufficient to state a cause of action under section 1985(2) for two reasons.

 First, even taking the interference allegation as true, and assuming that the plaintiffs have pled a cognizable conspiracy, interference or obstruction of administrative proceedings is not redressable under section 1985(2). *Daigle,* 794 F.2d at 979–80. Second, the plaintiffs' efforts to institute a federal action are not protected from obstruction by section 1985(2). Plaintiffs seeking to recover under section 1985(2) must allege "a nexus between the alleged conspiracy and a proceeding in federal court." *Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir. Unit A), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981). They must further assert that they were injured on account of having attended or testified in federal court. *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340, 348 (5th Cir.) (en banc), *cert. denied,* 454 U.S. 1110, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981).

 The plaintiffs allege, however, that they were retaliated against for attempting to institute federal administrative and judicial proceedings. In *Kimble* we made it clear that alleged retaliation for "attempting" to file a federal lawsuit or even for actually filing such a lawsuit is insufficient to state a claim under section 1985(2). 648 F.2d at 347–48. We concluded that section 1985(2) was intended to protect those parties who were physically present to attend or testify in a federal court; the statute was not intended to create a federal tort remedy for economic retaliation against those who pursue work-related claims. *Id.* at 348. Since the plaintiffs have not alleged that they were injured as a result of their having attended or testified in a court proceeding, the district court properly dismissed their claim under section 1985(2).

### III.

The plaintiffs' third allegation is that a private cause of action can be implied from the National Housing Act, 12 U.S.C. § 1701 *et seq.,* and the regulations which govern the Federal Savings and Loan Insurance Corporation (FSLIC) and the Board so that individuals who report violations of the law and regulations can obtain redress in federal court if adverse employment practices occur. The defendants, on the other hand, claim that Supreme Court precedent leads to the conclusion that no private cause of action can be implied from the National Housing Act.[5]

The issue of whether a private cause of action can be implied from federal law is a matter of legislative intent. *Universities Research Association, Inc. v. Coutu,* 450 U.S. 754, 770, 101 S.Ct. 1451, 1461, 67 L.Ed.2d 662 (1981). The leading Supreme Court case in the area, *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), sets out the analytical steps for determining whether a private cause of action exists for a violation of federal law. The four factors to consider are:

(1) Is the plaintiff one of the class for whose special benefit the statute was enacted?

(2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?

(3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy?

(4) Is the cause of action one traditionally related to state law, in an area basically the concern of the States, so that it will be inappropriate to infer a cause of action based solely on federal law?

*Cort,* 422 U.S. at 78, 95 S.Ct. at 2088. The plaintiffs admit in their brief that implication of a private cause of action is difficult and they do not clearly discuss the *Cort* factors. Our examination of the *Cort* factors leads us to conclude that no private

---

5. It appears from the plaintiffs' complaint and brief that Deubert and Deroche allege that they reported suspicious activities and not necessarily a violation of law to the Board. Since we

are reviewing the granting of a motion to dismiss, however, we will assume that the plaintiffs reported a violation of federal law to the Board.

cause of action can be implied from the National Housing Act.

■ First, we find nothing in the provisions of the National Housing Act or its legislative history that indicates that the plaintiffs and their alleged class of whistle-blowers were selected for special benefits or protection. The provisions cited by the plaintiffs in their complaint make no mention of protecting employees reporting violations, nor do we see how they can be construed to reach this result. Furthermore, the plaintiffs cannot obtain their cause of action as a specially protected class from the federal regulations governing an institution's obligation to report violations because we have held that federal regulations cannot serve as the predicate for a private cause of action. *See Stewart v. Bernstein*, 769 F.2d 1088, 1093 n. 6 (5th Cir.1985).

■ Second, we can discern no legislative intent to create a private cause of action in favor of the plaintiffs. In fact it would appear that Congress has implicitly declined to create such a cause of action. Congress has on numerous occasions explicitly provided for private causes of actions by private sector employees who reported violations of federal law.[6] Even though the National Housing Act has been amended several times, Congress has never included or even proposed including a private cause of action provision. In light of the language of the National Housing Act, its legislative history, and Congress' failure to include a private cause of action provision when it has done so in other laws that regulate the private sector, Supreme Court precedent has suggested that the *Cort* analysis need not continue. *See, e.g., Touche Ross & Co. v. Redington*, 442 U.S. 560, 579–80, 99 S.Ct. 2479, 2490–91, 61

L.Ed.2d 82 (1979) (Brennan, J., concurring) (when neither statute nor legislative history indicates intent to create a federal right in favor of the plaintiff, "the remaining two *Cort* factors cannot by themselves be a basis for implying a right of action.").

■ Furthermore, an examination of the final two factors of the *Cort* test also does not support the plaintiffs' view that a private cause of action should be implied into the National Housing Act. The statute sets up a system whereby banking and savings associations are controlled and administered by the FSLIC and the Board. To inject a private cause of action in favor of a whistleblower could disrupt, through premature judicial intervention, the administrative scheme set up to regulate the industry. *Cf. George v. Aztec Rental Center, Inc.*, 763 F.2d 184 (5th Cir.1985) (refusal to imply right of action under OSHA because it could disrupt administrative grievance system).

■ Finally, the employer-employee relationship is a matter traditionally defined and handled by state law. *Pavolini v. Bard Air Corp.*, 645 F.2d 144, 148 (2d Cir.1981). The protection of whistleblowers has also been a concern traditionally undertaken by the states. *See* Comment, *Protecting the Private Sector Employee "Who Blows the Whistle": A Cause of Action Based Upon Determinants of Public Policy*, 1977 Wisc.L.Rev. 777, 777–812.

Consequently, application of the *Cort* factors leads us to conclude that the district court correctly ruled that the plaintiffs possessed no implied private cause of action under the National Housing Act.[7]

## IV.

■ The plaintiffs' cause of action that was added in their amended complaint is

---

6. *See, e.g.,* 15 U.S.C. § 2622 (Toxic Substances Control Act); 33 U.S.C. § 1367 (Federal Water Pollution Control Act); 42 U.S.C. § 6971 (Solid Waste Disposal Act).

7. The plaintiffs' reliance on *Smith v. Atlas Offshore Boat Service, Inc.*, 653 F.2d 1057 (5th Cir.1981), to support their contention that they enjoy an implied cause of action to redress retaliation for their reporting of violations of federal law, is misplaced. While *Smith* is con-

cededly a broad application of the *Cort* analysis, which the court does not specifically cite, it is limited to its admiralty/Jones Act context by its own language. *See* 653 F.2d at 1065. We do not believe *Smith* should be viewed as a "green light" for federal courts to imply private causes of action under federal law. *See Touche Ross*, 442 U.S. at 574–76, 99 S.Ct. at 2488–89 (federal judiciary should not lightly engraft a private remedy onto a federal statute).

somewhat unclear. It appears that the plaintiffs are arguing that American citizens as a by-product of that citizenry have the right and duty to inform federal authorities of violations of federal law, that this right and duty is secured or rests in the privileges and immunities clause of the fourteenth amendment,[8] and, consequently, in light of this right and duty, federal courts should recognize a cause of action for citizens who suffer injury as a result of their reporting of federal law violations. As support for this argument plaintiffs cite *In re Quarles,* 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080 (1898), and *Williams v. Allen,* 439 F.2d 1398 (5th Cir.1971). Neither case, however, actually supports plaintiffs' argument.

*In re Quarles* involved a criminal prosecution for obstructing a citizen's opportunity to report criminal activity to federal authorities. The court did state that the privileges and immunities clause protects a citizen's right to inform the government of unlawful activities. 15 U.S. at 535–36. The Court did not address, however, whether a civil cause of action would lie against the defendants. The statute under which the defendants were prosecuted is now 18 U.S.C. § 241, and we have held that no private cause of action arises from violation of the statute. *Hanna v. Home Insurance Co.,* 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied,* 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961). *See also Sauls v. Bristol-Myers Company,* 462 F.Supp. 887, 889 (S.D.N.Y.1978).

*Williams* also does not support the plaintiffs' claims. *Williams* involves a police officer who brought an action against various city officials for back pay and reinstatement after he was allegedly terminated in retaliation for having reported acceptance of lottery payoffs by police officers to the IRS. We held that Williams stated a cause of action under section 1983, which prohibits the deprivation of constitutional rights by individuals acting under color of state law. 439 F.2d at 1400. Our decision in *Williams,* however, makes no reference

to a private civil cause of action that derives from the privileges and immunities clause of the fourteenth amendment to redress retaliation for whistle blowing.

We have found no precedent to support the plaintiffs' argument. Since the *Slaughter House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873), the reach of the privileges and immunities clause has been narrow. The clause protects only uniquely federal rights such as the right to petition Congress, the right to vote in federal election, the right to interstate travel, the right to enter federal lands, or the rights of a citizen while in federal custody. *See generally* J. Nowak, R. Rotunda, and J. Young, *Constitutional Law* 414 (2d ed. 1983). While the clause supports congressional legislation prohibiting impairment of federal rights, see *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), we have found no authority holding that the clause, absent legislation, supports a private cause of action for infringement of a right it secures.

Without foreclosing the use of the privileges and immunities clause in the future, we conclude that an implication of a private cause of action based on the privileges and immunities clause in this case would be a substantial and unprecedented expansion of that clause's effect. We decline to take such a step. The district court correctly dismissed the cause of action asserted in the plaintiffs' amended complaint.

## V.

 Finally, the plaintiffs object to the dismissal of all their claims, presumably including their pendent state law claims. The plaintiffs make no argument in their brief, however, as to why the district court should have retained the state law claims. Even assuming *arguendo* that the plaintiffs pled a substantial enough federal question to activate the district court's pendent jurisdiction, the district court did not abuse its discretion in dismissing the state

---

8. The privileges and immunities clause of the fourteenth amendment states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States...."

law claims without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). *See generally* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, §§ 3564, 3567, 3567.1 (1984).

## VI.

We conclude that the district court properly dismissed all of Deubert's and Deroche's claims. Accordingly, the judgment of the district court is AFFIRMED.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge, dissenting:

This is a whistle blower case. On its facts as pled, I believe that plaintiffs may have a cause of action under *In re Quarles*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080 (1895) and *Williams v. Allen*, 439 F.2d 1398 (5th Cir.1971), and the grant of summary judgment should be reversed.

In *Williams v. Allen*, the Fifth Circuit said:

Williams contends the "trial" before the Police Committee was prompted by the exercise of his informer's right and the other charges against him, although factually supportable, were superficial and would never have been brought but for his act of informing the Internal Revenue Service concerning the alleged lottery payoffs to the Chief of Police. The issue is thus not whether other valid reasons for removal existed, but whether the valid reasons were actually employed by the Police Committee to effect Williams' severance from the department. The order granting summary judgment deprived Williams of the opportunity to attempt to establish that the sole actual motive behind his dismissal was an illegal one and that the other legitimate charges of misconduct actually played no part in his discharge from employment. (Footnote omitted)

It is true that *Williams* does not support the plaintiffs' specific claim to a cause of action under the privileges and immunities clause. However, as the majority states, it does support the plaintiffs' theory that they have a constitutionally protected right not to lose their job for "blowing the whistle" to federal authorities. The proper statute under which to plead their cause of action is § 1983. See *Williams* at 1400 and see 820 F.2d at 760.

I would remand the case to the District Court with instructions to allow the plaintiffs to amend their complaint to bring this suit under § 1983.