**Frenanda L. JAMES, Plaintiff,**

v.

**MEDICALCONTROL, INC., Defendant.**

No. Civ.A. 3:98–CV–1313–L.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 10, 1998.

Frenanda L. James, Dallas, TX, pro se.

Douglas D. Haloftis, Craig R. Bennett, Gardere & Wynne, L.L.P., Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

■ Before the court are Defendant MedicalControl, Inc.'s Motion for Summary Judgment, filed October 21, 1998; Plaintiff's Response to Defendant's Motion for Summary Judgment, filed October 28, 1998; Plaintiff's Motion—For Sanction (sic) for Party's Bad Faith Use of Affidavits in Connection With Motion for Summary Judgment [FRCP 56(g)], filed October 28, 1998; Defendant MedicalControl, Inc.'s Response to Plaintiff's Motion for Sanction or, Alternatively, Reply to Plaintiff's Summary Judgment Response, filed November 2, 1998; Defendant Medical-Control, Inc.'s Motions to Dismiss, filed June 19, 1998 and October 16, 1998, and Plaintiff's Response to Defendant's Motion to Dismiss, filed October 20, 1998. After careful consideration of the motions, responses, reply, evidence submitted by the parties, and the applicable law, the court finds that there is no genuine issue of material fact present regarding any of the Plaintiff's claims.[1] Accordingly, summary judgment is hereby granted for Defendant. Plaintiff's Motion for Sanctions and Plaintiff's affidavit attached thereto also do not put any of the facts critical to Plaintiff's claims in issue and do not establish that Defendant has acted in bad faith; therefore, Plaintiff's Motion for Sanctions is hereby denied. In light of the court's ruling on Defendant's Motion for

---

1. Although Plaintiff did not attach evidence to his summary judgment response, the court has considered Plaintiff's affidavit, which is attached to his Motion for Sanctions, as evidence. Contrary to Plaintiff's assertion, Defendant has not acted in bad faith. That Plaintiff disagrees with Defendant's evidence does not constitute bad faith, and Plaintiff, other than his subjective belief, produces no evidence that Defendant acted in bad faith.

Summary Judgment, Defendant's Motions to Dismiss filed June 19, 1998 and October 16, 1998 are denied as moot.

## I. *Summary Judgment Standard*

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir.1998). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas*, 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support Plaintiff's opposition to Defendants' motion. *Id., Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16

& n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## II. *Factual and Procedural Background*

Plaintiff was first employed by MedicalControl in February 1995.[2] In January 1997, Plaintiff's supervisor Stacy McGuire reprimanded him for leaving the premises to park his car and attend to other personal matters while he was "on the clock" at work.[3] From that point until Plaintiff's employment with MedicalControl was terminated, Plaintiff was informally and formally counseled by his supervisors on several occasions.[4] This counseling was for various misconduct, including misuse of the telephone, time clock violations, failure to follow supervisor's instructions, excessive absenteeism, failure to meet work deadlines, and the transmission of inappropriate, sexually explicit, and racially offensive e-mail messages in the office.[5] Despite these warnings, Plaintiff's misconduct continued, and Plaintiff was placed on probation in February 1998.[6]

After he was placed on probation, Plaintiff failed to come in to work on Friday, March 6, 1998 and Monday, March 9, 1998.[7] Plaintiff admits in his affidavit that he did not come to

---

**2.** Plaintiff's Complaint ("Complaint") at Attachment A.

**3.** Affidavit of Patrick Kennedy ("Kennedy Aff.") at para. 4; Affidavit of Stacy McGuire ("McGuire Aff.") at para 4.

**4.** Affidavit of Frenanda L. James ("Plaintiff's Aff.") at paras. 8, 12, 13, and 25; Complaint at Attachment A; Kennedy Aff. at para. 5; McGuire Aff. at para. 6 and 7.

**5.** *Id.;* Complaint at Attachment A; Plaintiff's Aff. at para. 12–15.

**6.** Complaint at Attachment C; Kennedy Aff. at para. 6 and Exh. A; McGuire Aff. at para. 8; Affidavit of Donna Heaton ("Heaton Aff.") at para. 4 and 5.

**7.** Plaintiff's Aff. at para. 8; Kennedy Aff. at para. 7; Heaton Aff. at para. 6.

work on those days because he was ill and on paid sick leave;[8] however, Plaintiff has set forth no evidence whatsoever to indicate that he called MedicalControl to inform them of the reason for his absence. After this incident, MedicalControl decided to terminate Plaintiff's employment.[9] On March 10, 1998, Plaintiff was discharged from his job at MedicalControl by Patrick Kennedy, the Vice President for Information Management, and Donna Heaton, MedicalControl's Director of Human Resources.[10] The reason given to Plaintiff for his termination was his failure to follow company policies and procedures.[11]

On June 5, 1998, Plaintiff filed suit against MedicalControl, claiming wrongful termination and conspiracy by MedicalControl. The court granted MedicalControl's Motion for More Definite Statement and ordered Plaintiff to file a more definite statement by August 14, 1998. Plaintiff filed his response to the order requiring a more definite statement ("Plaintiff's Response to an Order") on July 29, 1998. Plaintiff's Response to an Order alleges that MedicalControl terminated him in violation of the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), and conspired to interfere with his civil rights under 42 U.S.C. § 1985(2). MedicalControl now moves for summary judgment on all of Plaintiff's claims.

### III. Section 215(a)(3) of the Fair Labor Standards Act

■ The Fair Labor Standards Act ("FLSA") prohibits retaliation against an employee who files a complaint, initiates proceedings, or assists in the initiation of proceedings under the FLSA. 29 U.S.C. § 215(a)(3). To prove his retaliation claim, Plaintiff must prove the same elements that are required under Title VII's three-step McDonnell Douglas test. Hashop v. Rockwell Space Operations Company, 867 F.Supp. 1287, 1299 (S.D.Tex.1994). The McDonnell Douglas test is a three-part analysis designed to determine the employer's motive behind the challenged employment decision. Id.; McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). First, Plaintiff must prove a prima facie case of retaliation. If Plaintiff successfully establishes his prima facie case, MedicalControl must then rebut the presumption of discrimination by articulating a legitimate, non-discriminatory reason for its decision to terminate Plaintiff. If MedicalControl does so, Plaintiff must then produce evidence that MedicalControl's proffered reason for his discharge is merely a pretext, and that the real reason for his termination is an illegal retaliatory animus. Burdine, 450 U.S. at 255 n. 10, 101 S.Ct. 1089; Hashop, 867 F.Supp. at 1299–1300.

■ To establish a prima facie case of retaliation for the exercise of a federally protected right, Plaintiff must show that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action following his protected activity; and (3) there was a causal connection between the activity and the adverse action. Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 554 (5th Cir.1997) (applying the standard in a Title VII case); Hashop, 867 F.Supp. at 1300.

■ The FLSA protects employees who have filed a complaint or instituted a proceeding under or related to the FLSA, have testified or are about to testify in any such proceeding, or who have served or are about to serve on an industry committee. 29 U.S.C. § 215(a)(3); L & F Distributors v. Cruz, 941 S.W.2d 274, 278 (Tex.App. Corpus Christi 1996, writ denied). The FLSA only protects those employees who are asserting their statutory rights. Goldberg v. Bama Mfg. Corp., 302 F.2d 152, 154 (5th Cir.1962); L & F, 941 S.W.2d at 278.

■ Viewing the facts of this case in the light most favorable to the Plaintiff, there is no evidence in the record that raises a fact issue concerning whether Plaintiff engaged in

---

8. Plaintiff's Aff. at para. 8.

9. Kennedy Aff. at para. 7; Heaton Aff. at para. 6.

10. Kennedy Aff. at para. 8; Heaton Aff. at para. 7.

11. Id.

conduct protected by the FLSA. Plaintiff never complained to anyone that MedicalControl was violating the FLSA, or instituted any type of FLSA proceeding prior to his termination.[12] At most, Plaintiff had one conversation with his supervisor regarding his status as an exempt versus non-exempt employee, and requested a raise from MedicalControl on various occasions.[13] Plaintiff's allegation that he complained to Patrick Kennedy on several occasions regarding unspecified "unfair treatment" [14] is also insufficient to raise a fact issue regarding whether Plaintiff engaged in protected conduct, because there is no evidence in the record to suggest that these complaints had anything to do with the FLSA. Furthermore, Plaintiff has made no allegation whatsoever that he was testifying in an FLSA-based proceeding or serving on an industry committee of any type. Thus, Plaintiff has failed to establish the first prong of his prima facie case of retaliation.

The second prong of Plaintiff's prima facie case of retaliation requires him to show that MedicalControl took adverse employment action against him after he engaged in activity protected by the FLSA. Although it is undisputed that MedicalControl eventually took adverse action against Plaintiff, Plaintiff has been unable to set forth any evidence showing that he engaged in protected activity prior to the adverse action. Plaintiff has failed to meet the second prong necessary to establish a prima facie case.

■ Plaintiff is also unable to establish the third prong of his prima facie case. MedicalControl's witnesses have all stated that when they decided to terminate Plaintiff, they were unaware that he had engaged in any protected activity.[15] Plaintiff sets forth no competent summary judgment evidence to establish that these individuals knew that he had allegedly engaged in protected activity. Therefore, these individuals cannot have acted out

of any retaliatory animus. Even when the court views the evidence in the light most favorable to Plaintiff, his periodic discussion of salary issues with persons at MedicalControl and his unspecified "complaints" to Patrick Kennedy [16] are insufficient to raise a fact issue regarding the third prong of Plaintiff's prima facie case: that "but for" his protected activity under the FLSA, he would not have been terminated. *See Jones v. Flagship Int'l,* 793 F.2d 714, 724 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987); *Hashop,* 867 F.Supp. at 1300. Without evidence of a causal link between activity protected under the FLSA and MedicalControl's decision to terminate him, Plaintiff has failed to establish this element of his prima facie case.

■ Even assuming that Plaintiff did successfully establish his prima facie case, the record shows that MedicalControl articulated and had several legitimate non-retaliatory reasons for terminating Plaintiff. Plaintiff, in essence, has admitted in his affidavit that he sent out e-mail with inappropriate sexual content, that he received numerous warnings from MedicalControl concerning his conduct, and that he was absent from work on March 6th and 9th, 1998, without notifying MedicalControl of the reason for his absence.[17] Plaintiff further states in his Complaint that after being cautioned not to send out provocative e-mails, he forwarded a sexually suggestive e-mail to some of his co-workers.[18]

MedicalControl's stated reason for terminating Plaintiff was his inability or unwillingness to follow "company policy and procedure".[19] Defendant has therefore set forth a legitimate, non-discriminatory (non-retaliatory in this case) reason for its actions. When an employer meets this burden, the burden is on the employee to establish that the explanation for the adverse action is merely a pretext for discrimination. *Armstrong v.*

---

12. Kennedy Aff. at para. 10; McGuire Aff. at para. 10; Heaton Aff. at para. 9.

13. Plaintiff's Aff. at para. 24; Complaint at Attachments A and E; McGuire Aff. at para. 3.

14. Plaintiff's Aff. at para. 9.

15. Kennedy Aff. at para. 10; McGuire Aff. at para. 10; Heaton Aff. at para. 9.

16. McGuire Aff. at para. 3; Plaintiff's Aff. at paras. 9 and 24; Complaint at Attachments A and E.

17. Plaintiff's Aff. at paras. 8, 12, 13 and 19.

18. Complaint at Attachment A, items q and s.

19. Kennedy Aff. at para. 8.

*City of Dallas,* 997 F.2d 62, 65 (5th Cir.1993). Plaintiff wholly fails to meet his burden that the explanation articulated by MedicalControl was pretextual.

The lack of evidence supporting Plaintiff's prima facie case necessarily leads the court to find that Plaintiff has failed to establish a prima facie case of retaliation, and thus he has not carried his initial burden under *McDonnell Douglas.* Furthermore, there is no fact issue present concerning MedicalControl's defense that it had legitimate, non-retaliatory reasons for Plaintiff's dismissal. MedicalControl is entitled to judgment as a matter of law on Plaintiff's FLSA retaliation claim, and this claim should be dismissed.

## IV. Conspiracy to Interfere with Civil Rights

Plaintiff's second claim alleges that MedicalControl conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(2). Specifically, Plaintiff alleges that Medical-Control interfered with his ability to file a lawsuit with the court, and also interfered with his ability to continue the case once it was filed.[20]

Section 1985(2) reads as follows:

§ 1985.  Conspiracy to interfere with civil rights

(2) Obstructing justice; intimidating party, witness, or juror

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more

persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny a citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

To state a claim for conspiracy under the first part of section 1985(2), Plaintiff must establish a conspiracy of two or more people, which is causally connected to a federal court proceeding in that it directly affects or attempts to affect parties, witnesses, or jurors in a federal court. *McLean v. Intl. Harvester Company,* 817 F.2d 1214, 1218 (5th Cir. 1987); *Bradt v. Smith,* 634 F.2d 796, 800–01 (5th Cir. (Unit A) 1981). A conspiracy claim under the second part of section 1985(2) requires a showing that two or more persons conspired to obstruct justice in a state court proceeding, and that they were motivated by a race or class-based animus. *Daigle v. Gulf State Utilities Co.,* 794 F.2d 974, 979 (5th Cir.), *cert. denied.* 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986). In the instant case, Plaintiff's only conspiracy allegation is that MedicalControl interfered with his ability to file his lawsuit with this court, and that it interfered with his prosecution of the case once it had been filed.[21] Therefore, Plaintiff's allegations fall under the first part of section 1985(2).

■ Plaintiff's pleadings name approximately eight people who he "feels are involved" in the alleged conspiracy against him.[22] MedicalControl's summary judgment evidence shows that none of these people are past or present employees of MedicalControl.[23] Plaintiff's pleadings do not identify MedicalControl or any of its employees as co-conspirators.[24] Furthermore, Plaintiff does not state how MedicalControl interfered with his prosecution of this case. Plaintiff's allegations are conclusory and as a matter of law are insufficient to raise a fact issue concern-

---

**20.** Plaintiff's Response to an Order, Section II.B.

**21.** *Id.*

**22.** Complaint at Attachment B.

**23.** Kennedy Aff. At para. 11; McGuire Aff. at para. 11; Heaton Aff. at para. 10.

**24.** Complaint at Attachment B.

ing his conspiracy claim. *Eason,* 73 F.3d at 1325.

Plaintiff's summary judgment evidence also does not raise a fact issue concerning MedicalControl's alleged participation in a conspiracy to deprive him of his civil rights. To the contrary, Plaintiff has stated in his affidavit that he has never accused Patrick Kennedy, Stacy McGuire, or Donna Heaton of conspiring against him.[25] In any event, standing alone, Plaintiff's subjective belief about whom he "feels" is involved in the alleged conspiracy is insufficient to raise a fact issue concerning his conspiracy claim. *Waggoner v. City of Garland, Texas,* 987 F.2d 1160, 1164 (5th Cir.1993). Thus, Plaintiff has failed to set forth evidence showing that a genuine issue of material fact exists in the record concerning his conspiracy claim.

Plaintiff's conspiracy claim also must fail because he has made no allegation and presented no evidence that MedicalControl used force or intimidation to prevent him from attending or testifying in a federal court proceeding. All summary judgment evidence on this point is to the contrary.[26] His only conspiracy allegation is that MedicalControl interfered with his ability to file his lawsuit with this court, and that it interfered with his prosecution of the case once it had been filed.[27] Section 1985(2) is intended to protect those persons who are physically present to attend or testify in a federal court; it does not create a federal tort remedy for economic retaliation for those who pursue work-related claims. *Deubert v. Gulf Federal Savings Bank,* 820 F.2d 754, 758 (5th Cir.1987). As a matter of law, alleged retaliation for attempting to file a federal lawsuit is insufficient to state a claim under section 1985(2). *Id.* Therefore, Plaintiff's conspiracy allegations are insufficient to state a claim under section 1985(2), and MedicalControl is entitled to judgment as a matter of law on this claim.

## IV. *Plaintiff's Remaining Allegations*

A liberal reading of Plaintiff's pleadings shows that Plaintiff also claims that Medical-

Control carried out its alleged conspiracy and also invaded his privacy by illegally tapping his phone lines, setting up microphones to listen to him through his television and car radio, "yelling out of windows and doors", and using helicopters and planes, among other methods. Plaintiff has set forth no summary judgment evidence supporting these allegations. When MedicalControl's summary judgment evidence regarding these assertions is viewed in the light most favorable to Plaintiff, this evidence clearly supports MedicalControl's argument that it neither engaged in nor had any knowledge of these alleged activities.[28] Because Plaintiff has failed to present evidence raising a fact issue concerning these allegations, MedicalControl is entitled to judgment as a matter of law. All of Plaintiff's remaining claims should be dismissed.

## V. *Conclusion*

For the reasons stated previously, Defendant's Motion for Summary Judgment is granted. Accordingly, all of Plaintiff's claims are dismissed with prejudice. Plaintiff's Motion for Sanctions is denied, and Defendant's Motions to Dismiss are denied as moot. Judgment will be entered separately for Defendant.

### *JUDGMENT*

This judgement is entered pursuant to the court's memorandum opinion and order of November 10, 1998. It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff take nothing by his suit against Defendant, that this action is hereby dismissed with prejudice, and that all costs are taxed against Plaintiff.

---

**25.** Plaintiff's Aff. at para. 10.

**26.** Kennedy Aff. at para. 12; McGuire Aff. at para. 12; Heaton Aff. at para. 11.

**27.** Plaintiff's Response to an Order, Section II.B.

**28.** Kennedy Aff. at para. 11; McGuire Aff. at para. 11; Heaton Aff. at para. 10.